IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRANDON EARL FIELDS**                                                         **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 1:15-cv-241-JCG

**MARSHALL FISHER et al.**                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON SOVEREIGN AND QUALIFIED IMMUNITY

THIS CAUSE filed pursuant to 42 U.S.C. § 1983 is before the Court on the Motion for Summary Judgment Based on Sovereign and Qualified Immunity, filed by Defendants Marshall Fisher, Marshall Turner, Faytonia Johnson, Pearlie Smith, Jamario Clark, Lucy Martin, Jacquiline Leverette, and Obadiah Polk. (ECF No. 44). Plaintiff Brandon Earl has not filed a Response (ECF No. 28). Having considered the written submissions, as well as Plaintiff's sworn testimony at the omnibus hearing conducted on April 15, 2016, the Court concludes that Defendants' Motion for Summary Judgment should be granted. The claims against Defendants in their official capacities are barred by sovereign immunity. Defendants in their individual capacities are entitled to qualified immunity.

### BACKGROUND

Plaintiff was a postconviction prisoner in the custody of the Mississippi Department of Corrections when he filed this suit challenging the conditions of his confinement at the South Mississippi Correctional Center (SMCI) in Leakesville, Mississippi. Plaintiff was released from custody and provided a free-world address

in Biloxi, Mississippi, on June 24, 2016. (ECF No. 60). Plaintiff did not respond to Defendants' Motion for Summary Judgment, which was filed on August 9, 2016. An Order to Show Cause issued on January 9, 2017, requiring Plaintiff to respond to Defendants' Motion for Summary Judgment. The Order to Show Cause was returned as undeliverable. Plaintiff has been advised on numerous occasions that it is his duty to keep the Court apprised of his current address. Plaintiff has not filed pleadings or otherwise been in contact with the Court since July 13, 2016.

Plaintiff alleges that while incarcerated at SMCI, Lt. Pearlie Smith and Officer Jamario Clark used excessive force on him in violation of the Eighth Amendment, and Capt. Faytonia Johnson and Officer Obadiah Polk watched and did nothing to stop it. Plaintiff alleges that racial slurs were used by Clark and possibly other Defendants. Plaintiff has sued Commissioner Marshal Fisher because Fisher did not respond to his letters about the assault. He has sued Warden Marshall Turner because Turner failed to discipline his officers after the assault. Plaintiff has sued Lucy Martin and Jacquiline Leverette, alleging that they violated his due process rights during the disciplinary hearing on a rule violation report (RVR) related to the assault by not allowing him to call witnesses and put on evidence.

## DISCUSSION

**A. Summary Judgment Standard**

Federal Rules of Civil Procedure 56 provides, in relevant part, that summary

2

judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. The movant need not, however, support the motion with materials to negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

Summary judgment can be granted only if the record demonstrates that no genuine issue of material fact exists. It is improper for the court to "resolve factual disputes by weighing the conflicting evidence, . . . since it is the province of the jury

3

to assess the probative value of the evidence." *Kennett-Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper if the court merely believes it unlikely that the non-moving party will prevail at trial. *Nat. Scrren Serv. Corp. v. Poster Exch., Inc.,* 305 F.2d 647, 651 (5th Cir. 1962).

**B.     Sovereign Immunity**

To the extent that Plaintiff has named Defendants in their official capacities, Defendants are entitled to summary judgment as to such claims because the monetary damages the Plaintiff seeks are barred by sovereign immunity. The principle of sovereign immunity is reflected in the Eleventh Amendment, which precludes suits brought by private citizens against states in federal courts unless the State has waived its immunity. U.S. Const. Amend. XI; *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001). Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *Quern v. Jordan,* 440 U.S. 332, 341 (1979). Mississippi has not waived its right to sovereign immunity. *See* Miss. Code Ann. § 11-46-5(4) (1992) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Sovereign immunity extends to any state agency or department deemed to be an "arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.,* 307 F.3d 318, 326-27 (5th Cir. 2002); *see Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) (the Eleventh Amendment bars a federal court suit naming "the State or one of its

agencies or departments as the defendant"). It is well established that the Mississippi Department of Corrections (MDOC) is an arm of the State of Mississippi and cloaked with the State's Eleventh Amendment immunity from suit. *See Williams v. Miss. Dept. of Corr.,* No. 3:12-cv-259-CWR-FKB, 2012 WL 2052101, at *1-2 (S.D. Miss. June 6, 2012) ("MDOC is considered an arm of the State of Mississippi" and is immune under the Eleventh Amendment); *Dandridge v. Miss.,* No. 2:08-cv-229-KS-MTP, 2009 WL 4940105, at *7 (S.D. Miss. Dec. 14, 2009) (same).

As MDOC is an arm of the state, its officers and employees are officers of the state in their official capacities. They are entitled to sovereign immunity from monetary damages in their official capacities. *See Am. Bank and Trust Co. v. Dent,* 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.").[1] Defendants have sovereign immunity for Plaintiff's monetary damage claims against them in their official capacities.

## C.   Qualified Immunity

Plaintiff has named each Defendant in his or her individual capacity. As officials of MDOC whose positions involve the exercise of discretion, Defendants, in

---

[1] Pursuant to the *Ex parte Young* exception, Eleventh Immunity is not a bar to suits for prospective relief against a state employee acting in his official capacity. *Nelson v. Univ. of Tex. at Dallas,* 535 F.3d 318, 322 (5th Cir. 2008) (citing *Ex parte Young,* 209 U.S. 123 (1908)). Plaintiff's requests for injunctive relief are moot because Plaintiff is no longer incarcerated.

their individual capacities, have raised the defense of qualified immunity.

"Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert v. Caldwell,* 463 F.3d 339, 345 (5th Cir. 2006). The immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 457 U.S. 335, 341 (1986). To overcome immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right and that the official's actions violated that right to the extent that an objectively reasonable person would have known. *Id.* (citation omitted); *see Salas v. Carpenter,* 980 F.2d 299, 306 (5th Cir. 1992) (citations omitted).

If a plaintiff's allegations, taken as true, do not establish a constitutional violation, there is no need for further inquiries concerning qualified immunity. *Saucier v. Katz,* 121 S. Ct. 2151, 2156 (2001). If a constitutional violation is at issue, the Court must determine whether that right was clearly established at the time of his or her actions. *Id.* Nevertheless, a government official whose conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions is entitled to qualified immunity. *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002). If an official's conduct was objectively reasonable, it does not matter if that official's conduct violated a constitutional right; he is still entitled to qualified immunity. *Nerren v. Livingston Police Dep't,* 86

6

F.3d 469, 473 (5th Cir. 1996).

### 1. Claims Against Lt. Smith

Plaintiff alleges that Lt. Smith began to curse and berate him for not wearing shoes on the zone, even though Plaintiff explained to her that his shoes had holes in them. Plaintiff alleges that after being cursed by Lt. Smith for a period of time, he "had had enough" and "turned around and told her that was their job to supply us with a clothing order" and "called her a bitch back, finally." (ECF No. 64-1, at 13). Plaintiff alleges that after calling Lt. Smith a "bitch," she approached him cursing and poked him in his face with her index finger, breaking the skin under his left eye, and then slapped him with her left hand. *Id.* at 13-14. When Officer Clark arrived, Lt. Smith told Clark to "handle that business," at which time Clark began punching Plaintiff in the face with his fists.

Plaintiffs' claims are before the Court pursuant to 42 U.S.C. § 1983. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas,* 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id.* (citing 42 U.S.C. § 1983).

When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether the force was applied

in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Baldwin v. Stalder,* 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillan,* 503 U.S. 1, 7 (1992)). The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *McDowell v. Wilkinson Co. Corr. Fac.,* No. 5:08-cv-279-DCB-MTP, 2008 WL 5169632, *4 (S.D. Miss. Dec. 3, 2008).

Taking Plaintiff's allegations as true, after Plaintiff called Lt. Smith a "bitch" and told her to "do her job" in front of other inmates, Lt. Smith acted in order to maintain discipline. Plaintiff reported no lasting injuries. Even if the force was not applied in good faith, it was a *de minimus* use of physical force. *Id.* at *5. Plaintiff has not responded to the Motion for Summary Judgment and has not met his burden of overcoming Lt. Smith's defense of qualified immunity. The claims against Lt. Smith will be dismissed with prejudice.

### 2. Claims Against Officer Clark

Plaintiff alleges that Officer Clark struck him ten times in the head with his fists. Plaintiff maintains that Clark assaulted him at the instruction of Lt. Smith because he believed that Plaintiff had touched Lt. Smith and that he was protecting Lt. Smith. (ECF No. 64-1, at 30).

In order for Plaintiff's excessive force claim to survive summary judgment,

8

there must be some evidence in the record indicating that Officer Clark maliciously or sadistically applied force with the intent to cause Plaintiff harm. *Baldwin,* 137 F.3d at 838. Prison officials "may [have] to act quickly and decisively" and are therefore entitled to "wide-ranging deference." *Id.* at 840.

Lt. Smith called for backup, and Officer Clark responded. According to Plaintiff's testimony at the omnibus hearing, Officer Clark assaulted Plaintiff because he believed that Plaintiff had touched Lt. Smith "in some kind of way" and that he was protecting Lt. Smith. (ECF No. 64-1, at 30). Taking Plaintiff's allegations as true, Officer's Clark's use of force was an action to protect and restore discipline. Plaintiff did not respond to Defendants' Motion for Summary Judgment and has not overcome Officer Clark's defense of qualified immunity. The claims against Officer Clark will be dismissed with prejudice.

### 3. Claims Against Officer Polk and Captain Johnson

Plaintiff maintains that while Officer Clark was hitting him in the face, Officer Polk and Officer Johnson arrived at the building and watched without intervening. Importantly, Plaintiff alleges that Polk and Johnson did not arrive on the scene until *after* Officer Clark began striking Plaintiff.

An officer's liability as a bystander to violence may be established where an officer: (1) knows that another officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *Kitchen v. Dallas Co., Tex.,* 759 F.3d 468, 480 (5th Cir. 2014); *Hale v. Townley,*

9

45 F.3d 914, 919 (1995) (holding that critical inquiry in determining bystander liability is "whether [the defendant] had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it."). The bystanding officer's liability is analyzed under a deliberate indifference standard, which requires a plaintiff to demonstrate that the officer actually knew of an excessive risk to the inmate's safety and disregarded the risk. *Johnson v. Johnson,* 385 F.3d 503, 524 (5th Cir. 2004).

Plaintiff, again, has not met his burden of overcoming qualified immunity. There is no evidence that Polk and Johnson were aware of the cause for the use of force. There is no evidence that Polk or Johnson had time to intervene and stop the force. The claims against Polk and Johnson will be dismissed with prejudice.

### 4. Claims against Lucy Martin and Jacquiline Leverette

Plaintiff submits that Lucy Martin and Jacquiline Leverette conducted the disciplinary hearing for a RVR resulting from the alleged assault. Plaintiff alleges that Martin and Leverette violated his due process rights when they refused to allow him to call witnesses or present evidence and then found him guilty of assaulting Officer Clark and punished him with loss of privileges for two months and a six-month loss of trusty status. (ECF No. 18-1, at 16).

"The Fourteenth Amendment Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v.*

*Austin,* 545 U.S. 209, 221 (2005). In order to show a violation of due process in connection with a prison disciplinary hearing, a prisoner must establish that he has been denied a "liberty interest" that the prison action implicated or infringed. *Richardson v. Joslin,* 501 F.3d 415, 418 (5th Cir. 2007). Plaintiff must show that the RVRs either (1) affected or "will inevitably affect the duration of his sentence" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 487 (1995).

The two-month loss of privileges that Plaintiff endured does not constitute an atypical or significant hardship in relation to the ordinary incidents of prison life. *Id.* at 486. The Mississippi Supreme Court has held that "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps,* 958 So. 2d 271, 274 n.2 (Miss. 2007) (citing Miss. Code Ann. § 47-5-138.1)). Plaintiff "does not have a constitutionally protected right to a certain classification (including trusty status) and any accompanying privileges while in prison." *Walker v. King,* No. 2:13-cv-156-KS-MTP, 2013 WL 6384606, *2 (S.D. Miss. Dec. 6, 2013); *see Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (holding prisoner plaintiff's claim that "the *mere opportunity* to earn good time credits constitutes a constitutionally cognizable liberty interest" to be without merit). The claims against Martin and Leverette are dismissed with prejudice as frivolous and for failure to state a claim.

### 5. Claims Against Commissioner Fisher and Warden Turner

Plaintiff acknowledges that MDOC Commissioner Marshall Fisher and SMCI Warden Marshall Turner had no personal involvement in the alleged assault. Plaintiff instead alleges that they failed to properly investigate or discipline their subordinates after the alleged assault.

It is well settled that 42 U.S.C. § 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002); *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for action of subordinates under any theory of vicarious liability"). A supervisor may be held liable if he is either personally involved in the constitutional deprivation or there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Thompkins,* 828 F.2d at 303.

Plaintiff did not respond to Defendants' Motion for Summary Judgment and has not met his burden of establishing a constitutional violation. A state prisoner "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005); *see Dehghani v. Vogelsang,* 226 F. App'x 404, 406 (5th Cir. 2007) (holding plaintiff's allegation that warden failed to investigate his grievance did not amount to a constitutional violation); *Charles v. Nance,* 186 F. App'x 494, 495 (5th Cir. 2006) ("Charles' complaint that the prison failed to investigate her grievance arising out of

the denial of visitation . . . fails to assert a due process violation"); *Woodland v. City of Vicksburg,* No. 5:05-cv-85-DCB-JCS, 2006 WL 3375256, *3 (S.D. Miss. Nov. 21, 2006) (holding claim for failure to investigate did not amount to a constitutional violation). The claims against Fisher and Turner will be dismissed with prejudice.

## CONCLUSION

Dismissal of this case counts as a strike pursuant to 28 U.S.C. §1915(g) due to the claims advanced by Plaintiff against Jacqueline Banks, Hubert Davis, Lucy Martin and Jacquiline Leverette. The claims against Banks, Davis, Martin and Leverette were dismissed as frivolous and for failure to state a claim. (ECF No. 36, at 7). The claims against Davis were dismissed for failure to state a claim. *Id.* at 8. Plaintiff is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is detained or incarcerated unless he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g)

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment Based on Sovereign and Qualified Immunity (ECF No. 24) is **GRANTED**. Dismissal of this case counts as a strike pursuant to 28 U.S.C. §1915(g) for the reasons stated.

**SO ORDERED,** this the 15th day of March, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE

13